## MORRIS *v.* LITHUANIAN SONS & DAUGHTERS AID SOCIETY.

1. BENEFICIAL ASSOCIATIONS—DISCIPLINE OF MEMBERS—EVIDENCE—DAMAGES—HUMILIATION.

In member's action against fraternal organization to recover damages for humiliation, shame, disgrace and loss of membership rights incident to administration of discipline pursuant to the society's bylaws, it was error for trial judge to prevent defendant from fully presenting its version' of incident giving rise to the disciplinary action.

2. SAME—DISCIPLINE OF MEMBERS—PROCEDURE.

Member of fraternal organization who actively participated in disciplinary action pursuant to bylaws of the society pertaining to transgressions by members is bound by procedure employed and may not thereafter claim beer-drinking incident which gave rise to the disciplinary action taken against him should have been presented to society pursuant to so-called society court procedure relating to claims against the society for benefits or more serious charges than those calling for mere disciplinary action.

Appeal from Kent; Brown (William B.), J. Submitted June 8, 1944. (Docket No. 35, Calendar No. 42,431.) Decided October 11, 1944.

Case by Walter Morris against Lithuanian Sons & Daughters Aid Society, a Michigan fraternal corporation, for damages arising because of his being barred for a period of one year from attending meetings and from voice and voting privileges. Judgment for plaintiff. Defendant appeals. Reversed without a new trial.

*John J. Smolenski,* for plaintiff.

*Leo Henry, Maurice Sugar, N. L. Smokler* and *Morton A. Eden,* for defendant.

Wiest, J. Defendant is a fraternal organization with a social gathering place in the city of Grand Rapids, where it maintains a bar under license to sell liquors. Saturday evening, June 20, 1942, plaintiff, a member, with a few friends, visited the place and were served with beer. About 1:30 o'clock, Sunday morning, they had some more beer and became boisterous and plaintiff claimed the right to be so served until 2 o'clock Sunday morning. This led to an altercation. Within a few days thereafter plaintiff presented written charges upon which he sought discipline of the president of the society and other named members for their interference with his claimed rights on the mentioned occasion. This brought forth countercharges of misconduct by plaintiff and members of his party on the occasion mentioned. The matter came before the trustees and executive officers on July 9, 1942, and the trustees recommended that plaintiff and the society members of his party be penalized according to the constitution, part 12, articles (b) (c). At the regular meeting of the membership of the society on July 14, 1942, the parties interested, including plaintiff, were heard at length upon the subject matter mentioned and, by vote of 66 to 50, plaintiff was disciplined by loss of his voice and vote and right to attend meetings for one year.

Plaintiff brought this action to recover damages for humiliation, shame, disgrace and loss of his membership rights, claiming that the discipline administered was contrary to the procedure estab-

lished by the laws of the society. Upon trial of the issues without a jury the circuit judge held the disciplinary procedure employed was void, awarded plaintiff $300 damages and denied defendant's motion for a new trial. Defendant reviews by appeal.

The written complaint, dated June 24, 1942, signed by plaintiff and three others, stated that Saturday evening, June 20, 1942:

"Our group was of 12 individuals—8 society members and 4 friends. We were enjoying the evening when just 1:30 (Sunday morning) the bartender and the society's president started to put out the lights. People started to be restless and nervous. It was seen that from an orderly evening signs of dissatisfaction became evident among the members. Then former president and now a member of trustees, Friend Stanley Phillips went to ask the bartender Warnas and President Lackus not to act as they have because the laws permit the sale of liquor until 2 a.m., then why make confusion here. But Lackus and A. Warnas did not listen to his suggestion, and instead started to put out more and more lights and told the people to get out. One of our group asked A. Warnas that he bring some drinks. A. Warnas brought the drinks, took the money and said that these are the last drinks. We said all right, and again the lights went out. Then Charles Jakems called Warnas and said 'You said that this was the last drink, then why do you put out the lights? When we drink these we will leave anyway.' Then A. Warnas said, 'If you don't go you will be thrown out.' And then President Lackus told the waitress to take the glasses away from us. Of course, the waitress took the glasses from our table, which were not empty and cost our member $1.30. Whereupon the police was called and also told Frank Zegunas not to let us into the hall. June 29th we came to the hall and we were stopped, could not get into the society hall,

"Honorable society members: This above-mentioned statement was that evening's action, which even the accused cannot deny. Therefore, we pray that all you members think about this incident and seriously consider society's member's rights. Such action of executives gravely endangers our society.
\* \* \*

"Therefore, we demand that those above-mentioned members be punished by the society and that they should return the $1.30 which was taken for the last drinks, and be punished for insulting our wives and our friends."

The counterversion of the affair, as appears in the testimony at the trial, was that plaintiff and his party were hilarious and very noisy and, upon being requested to quiet down and leave, threw beer bottles at the president and others and were so boisterous that some one called the police. Such version of the affair by the accused was placed before the society by letter. At the next regular meeting of the society the whole subject matter was taken up and plaintiff and others interested were fully heard and, as the ultimate authority in the premises, the members voted the mentioned discipline of plaintiff.

Plaintiff's complaint brought before the regular meeting of the society the whole subject matter of the beer-drinking incident, inclusive of his conduct and that of the accused, and it was open to the accused, without service of the countercharges, to present fully their version of the affair. The circuit judge was in error in holding otherwise. Plaintiff started the investigation which, necessarily, involved the whole affair and in a sense was "hoisted by his own petard." The disciplinary proceeding was carried out and actively participated in by plaintiff

under part 12 of the bylaws of the society which provide:

"Transgressions
"1.   A member may be investigated and penalized for the following matters: *  *  *

"2.   (b) By loss of voice and vote for not longer than one year.
"(c)   By being forbidden to attend meetings for not longer than one year."

Plaintiff now contends that the procedure should have been under part 13, before a "society court." That part provides:

"Society Court
"There shall exist, for the purpose of hearing claims against the society by members, and charges against members of the society, a society court.   The presiding officer of this court shall be the president of this society, and the judicial power shall be vested in the members of the society present at the convening of said court.
"1.   A complaint may be made against a member or members by any member or officer, and must be made by a written report to the society officers.   The secretary shall send to the member or members against whom a charge is made a copy of the charges, together with a notice that the charges will be read at the next ensuing meeting and a judgment made.   *  *  *
"After both sides have been heard, the arguments have been made by the complaining member or officer, by the accused member, and by any other members of the society who may care to discuss the matter, a vote shall be taken as to whether or not the member is guilty of the charges, and as to whether or not he shall be suspended temporarily and permanently.   The judgment thus made and rendered is final."

The provision for hearing claims against the society by members relates to benefits. The society court provision as to charges against members relates to suspension, temporarily or permanently, of members found guilty under charges more serious than calling for mere disciplinary action. In any event, plaintiff, by active participation in the procedure employed, is bound thereby.

The judgment is reversed, without a new trial and with costs of both courts to defendant.

NORTH, C. J., and STARR, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.